IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ricardo Omar Galindo,<br><br>   Petitioner,<br><br>vs.<br><br>Charles Ryan; et. al.,<br><br>   Respondents. | No. CV 12-462-TUC-RCC (CRP)<br><br>**AMENDED REPORT &<br>RECOMMENDATION**[*] |

Pending before the Court is Petitioner's *pro se* Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1). Respondents have filed an Answer (Docs. 10, 11). Pursuant to the Rules of Practice of this Court, this matter was referred to the undersigned Magistrate Judge for Report & Recommendation. For the following reasons the Magistrate Judge recommends that the District Court, after its independent review, dismiss and deny Petitioner's Petition for Writ of Habeas Corpus.

**FACTUAL & PROCEDURAL BACKGROUND**

After a jury trial, Petitioner was convicted of aggravated assault of a law enforcement officer with a deadly weapon or dangerous instrument, second-degree burglary, and unlawful use of a means of transportation. The Arizona Court of Appeals summarized the evidence

---

[*]The Report and Recommendation (Doc. 13) is amended to reflect at p.17, *infra*, that if objections are not timely filed, they may be deemed waived.

1   presented at Petitioner's trial as follows:

2       According to the evidence at Galindo's trial, Tucson Police Officer Steven Pupkoff responded to a burglary-in-progress call and observed two men

3

4       leaving the scene in a stolen vehicle.  As Pupkoff activated his emergency lights, Galindo and the other suspect got out of the stolen vehicle and fled on foot.  When Pupkoff approached, Galindo pointed a handgun toward the officer.  Pupkoff fired at Galindo, wounding him in the knee, Pupkoff's marked patrol car was equipped with a dashboard video camera and a recording of Pupkoff's interaction with Galindo was admitted into evidence.

5

6

7   (Answer, Exh. A, p. 2).  Petitioner was sentenced to a combination of concurrent and

8   consecutive sentences totaling 14 years.  (*Id.*).

9       On direct appeal, Petitioner argued that the trial court committed fundamental error

10  by failing to define "recklessness" for the jury, the requisite mental state for the lesser-

11  included offense of disorderly conduct.  (Petition, Exh. A).  The appellate court rejected

12  Petitioner's argument and affirmed Petitioner's convictions and sentences.  (*Id.*).

13      Thereafter, Petitioner filed a petition for post-conviction relief ("PCR Petition"),

14  asserting that trial counsel was ineffective for failing to request a jury instruction defining

15  "recklessness," the requisite mental state for the instruction on the lesser-included offense

16  of disorderly conduct. (Answer, Exh. D).  The PCR court denied relief without a hearing.

17  (Petition, Exh. C).    Petitioner reasserted his ineffective assistance of trial counsel claim in

18  his Petition for Review to the Arizona Court of Appeals.  (Answer, Exh. F.).  The appellate

19  court granted review, adopted the PCR court's ruling, and denied relief.  (Petition, Exh. B).

20  Petitioner did not seek further review.  (Answer, p. 4 (citing Exh. H)).

21  **FEDERAL HABEAS PETITION**

22      On March 26, 2012[1], Petitioner filed the instant Petition raising the following three

23

---

24      [1]Under the mail box rule, a habeas petition is deemed filed on the day that the inmate delivers it to prison authorities for mailing. *See Houston v. Lack,* 487 U.S. 266, 270 (1988). The Petition in this case reflects that Petitioner delivered it to prison officials for mailing on March 26, 2012.  (Petition, p. 11).  The Petition was file-stamped by the Clerk of Court on June 18, 2012. Respondents do not challenge the timeliness of the Habeas Petition. Because the Court is not required to raise the statute of limitations *sua sponte*, the Magistrate Judge will not further address the timeliness of the Habeas Petition. *See Day v. McDonough*, 547

25

26

27

28

- 2 -

1 grounds for relief: (Ground 1) ineffective assistance of trial counsel based on counsel's
2 failure to request a jury instruction defining recklessness, the requisite mental state for the
3 lesser included offense of disorderly conduct; (Ground 2) the trial court violated Petitioner's
4 right to due process when it failed to instruct the jury on the definition of recklessness; and
5 (Ground 3) the trial court violated Petitioner's right to due process when it imposed
6 consecutive sentences. Respondents argue that the Petition should be dismissed and denied
7 because: Ground 1 is without merit and Grounds 2 and 3 were not fairly presented in the state
8 court and, thus, are unexhausted and procedurally defaulted.

9 **EXHAUSTION REGARDING GROUNDS 2 AND 3**

10 Respondents assert that Grounds 2 and 3 are not exhausted. A state prisoner must
11 normally exhaust available state remedies before a federal district court can grant a writ of
12 habeas corpus. 28 U.S.C. § 2254(b)(1); *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). To
13 exhaust, a claim must be fairly presented in the proper forum. In Petitioner's case, he must
14 fairly present his claims to the Arizona Court of Appeals by properly pursuing those claims
15 through the state's direct appeal process or through appropriate post-conviction relief.
16 *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir.1999); *Roettgen v. Copeland*, 33 F.3d 36,
17 38 (9th Cir.1994). This requirement of exhaustion is designed to give the state an initial
18 opportunity to pass upon and correct alleged violations of its prisoners' federal rights. *Picard*
19 *v. Connor*, 404 U.S. 270, 275 (1971).

20 A claim is fairly presented if the petitioner describes both the operative facts and the
21 federal legal theory upon which the claim is based. *Kelly v. Small,* 315 F.3d 1063, 1066 (9th
22 Cir.2003)*, overruled on other grounds, Robbins v. Carey*, 481 F.3d 1143 (9th Cir.2007). The
23 petitioner must have "characterized the claims he raised in state proceedings specifically as
24 federal claims." *Lyons v. Crawford*, 232 F.3d 666, 670 (9th Cir.2000) (emphasis in original),
25 *as modified*, 247 F.3d 904 (9th Cir.2001). "If a petitioner fails to alert the state court to the
26 fact that he is raising a federal constitutional claim, his federal claim is unexhausted
27 ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
28 U.S. 198, 209 (2006).

1  regardless of its similarity to the issues raised in state court." *Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir.1996). "Moreover, general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion."  *Hivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir.1999) (citing *Gray v. Netherland*, 518 U.S. 152, 162–163 (1996)).

**Ground 2.**  On direct appeal, Petitioner argued that the trial court's failure "to instruct the jury on the definition of 'recklessness' was fundamental error when the defense in the aggravated assault charge was that appellant was only guilty of the lesser included offense of disorderly conduct with a weapon." (Answer, Exh. B, p. 7 (capitalization omitted)).  In rejecting Petitioner's claim, the Arizona appellate court did not reference the federal due process clause.  (*See* Petition, Exh. A).

Petitioner's appellate brief made no mention whatsoever of a federal constitutional violation.  (*See* Answer, Exh. B).  Nor did Petitioner cite relevant state or federal cases that might have alerted the Arizona court that he was raising a federal claim.  The state cases cited by Petitioner address Arizona's fundamental error review and do not undertake a federal due process analysis.  (*See* Answer, Exh. B (citing *State v. Avila,* 217 Ariz. 97, 170 P.3d 706 (App. 2007); *State v. Simpson,* 217 Ariz. 326, 117 P.3d 1027 (App. 2007)). Additionally, although Petitioner cited a Supreme Court case, *Reed v. Ross,* 468 U.S. 1, 13-14 (1984), he did so for the purpose of analogizing to the federal standard for cause and prejudice to excuse procedural default to enhance his argument that "the fundamental error analysis must take into consideration the likelihood of whether defense counsel's failure to object was intentional or an oversight." (Answer, Exh. B, p. 8).  Consequently, Petitioner's appellate brief did not raise a federal due process claim. *See Castillo v. McFadden,* 399 F.3d. 993, 1001-02 (9th Cir. 2005) (habeas petitioner failed to exhaust claim where he did not reference any specific provision of the U.S. Constitution on which he rested his claim and did not cite relevant state or federal cases that might have alerted the Arizona court to his claim).  Moreover, Petitioner's mere assertion of fundamental error under Arizona law does not equate to raising a federal constitutional argument. *Id.* (citing *Johnson v. Lewis,* 929 F.2d

- 4 -

1  460, 462 (9th Cir. 1991). Petitioner's Ground 2 was not fairly presented to the state court and
2  is, therefore, not exhausted.

3  **GROUND 3.** Petitioner claims that the trial court abused its discretion in imposing
4  "consecutive sentences to separate counts that occurred in the same series of events, and
5  citing agg[ravating] [and] mitigating factors already used to sentence defendant to a
6  presumptive." (Petition, p. 8). Respondents point out, and Petitioner concedes (*see* Petition,
7  p. 8), that Petitioner did not present this claim to the state court. Thus, Ground 3 is not
8  exhausted.

9  **PROCEDURAL DEFAULT OF GROUNDS 2 AND 3**

10  Petitioner's return to state court to raise Grounds 2 and 3 would be futile given that
11  the claims are precluded as waived under Ariz.R.Crim.P. 32.2(a)(3) because they were not
12  presented on direct appeal or in Petitioner's PCR Petition. Further, presentation of such
13  claims in a second post-conviction relief proceeding would be untimely under Ariz.R.Crim.P.
14  32.4. *See Beaty v. Stewart,* 303 F.3d 975, 987 (9th Cir 2002) (a state post-conviction action
15  is futile when it is time-barred). Nor do the claims qualify for any of the timeliness
16  exceptions. *See* Ariz.R.Crim.P. 32.1(d)-(h). Thus, any additional petition would be subject
17  to summary dismissal. *See State v. Rosario,* 195 Ariz. 264, 266, 987 P.2d 226, 228 (App.
18  1999); *State v. Jones,* 182 Ariz. 432, 897 P.2d 734 (App. 1995); *Moreno v. Gonzalez,* 192
19  Ariz. 131, 135, 962 P.2d 205, 209 (1998) (timeliness is a separate inquiry from preclusion).
20  Under such circumstances, the claims are procedurally defaulted.[2]  *Smith v. Baldwin*, 510

---

[2] Because these claims are procedurally defaulted pursuant to Rule 32.4(a), Ariz.R.Crim.P., this Court need not determine whether the claims are of "sufficient constitutional magnitude" to require a knowing, voluntary, and intelligent waiver. *See e.g. Cassett v. Stewart,* 406 F.3d 614 (9th Cir. 2005). Moreover, the procedural timeliness bar of Rule 32.4(a), Ariz.R.Crim.P., is clear, consistently applied, and well established. *Powell v. Lambert*, 357 F.3d 871 (9th Cir.2004); *see e.g.*, *Rosario*, 195 Ariz. 264, 987 P.2d 226 (where petitioner did not raise claims pursuant to Rule 32.1(d) through (g), the petition could be summarily dismissed if untimely); *Jones*, 182 Ariz. at 434, 897 P.2d at 736; *see also Wagner v. Stewart,* 2008 WL 169639, *9 (D.Ariz. Jan. 16, 2008).

F.3d 1127, 1139 (9th Cir.2007) ("[W]here a petitioner did not properly exhaust state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred,' the petitioner's claim is procedurally defaulted.") (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 fn. 1 (1991)); *Park v. California,* 202 F.3d 1146, 1150-51 (9th Cir. 2000) (federal habeas review is precluded where petitioner has not raised his claim in the state courts and the time for doing so has expired).

When a petitioner has procedurally defaulted his claims, federal habeas review can occur only in limited circumstances. "A prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law." *Martinez v. Ryan*, __ U.S. __, 132 S.Ct. 1309, 1316 (2012) (citing *Coleman,* 501 U.S. at 750). "Cause" requires a showing of "some objective factor" which impeded compliance with a procedural rule, such as "a showing that the factual or legal basis for a claim was not reasonably available to counsel" or that there was "some interference by officials." *Murray v. Carrier*, 477 U.S. 478, 488 (1986) (internal citations omitted). Prejudice requires "showing, not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady,* 456 U.S. 152, 170 (1982) (emphasis in original). Additionally, a habeas petitioner "may also qualify for relief from his procedural default if he can show that the procedural default would result in a 'fundamental miscarriage of justice.'" *Cook v. Schriro,* 538 F.3d 1000, 1028 (9th Cir. 2008) (citing *Schlup v. Delo,* 513 U.S. 298, 321 (1995)). This exception to the procedural default rule is limited to habeas petitioners who can establish that "a constitutional violation has probably resulted in the conviction of one who is actually innocent[.]" *Schlup*, 513 U.S. at 327. *See also Murray,* 477 U.S. at 496; *Cook,* 538 F.3d at 1028. "'To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eye-witness accounts, or critical physical evidence—that was not presented at trial.'" *Cook*, 538 F.3d at 1028 (quoting *Schlup*, 513

1 U.S. at 324).

2     Petitioner incorrectly asserts he raised Ground 2 on direct appeal. (*See* Petition, p. 7).
3 As discussed *supra*, the record is clear that he did not do so. Petitioner asserts no facts
4 supporting cause or prejudice to excuse failure to exhaust the federal claim raised in Ground
5 2. Nor does he has demonstrated prejudice, or a fundamental miscarriage of justice.

6     Petitioner asserts that his failure to exhaust Ground 3 was due to ineffective assistance
7 of counsel for failure to raise the claim. (Petition, p. 8). To rely on ineffective assistance
8 of counsel to excuse a procedural default, the claim of ineffective assistance of counsel for
9 failure to raise the defaulted claim must *itself* have been fairly presented to the state court.
10 *See Edwards v. Carpenter*, 529 U.S. 446, 451–54 (2000) (allegation of ineffective assistance
11 of counsel as cause for procedural default "is itself an independent constitutional claim" and
12 is subject to the same exhaustion requirement as other habeas claims). Although Plaintiff
13 argued ineffective assistance of counsel during the PCR proceeding, he did not argue that
14 counsel was ineffective for failure to raise a due process claim challenging the imposition of
15 consecutive sentences. *See Moormann v. Schriro*, 426 F.3d 1044, 1056-57 (9th Cir. 2005),
16 (new allegations of ineffective assistance of counsel not previously raised before the state
17 court cannot be addressed on habeas review). Moreover, Petitioner has not demonstrated
18 prejudice, or a fundamental miscarriage of justice.

19     Petitioner's procedural default of Grounds 2 and 3 cannot be excused.

20 **MERITS REVIEW OF GROUND 1**

21     Respondents concede that Petitioner exhausted his Ground 1 claim of ineffective
22 assistance of counsel and, thus, Ground 1 should be addressed on the merits. (Answer, p. 8).

23     Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), the Court may
24 grant a writ of habeas corpus only if the state court proceeding:

25    (1)    resulted in a decision that was contrary to, or involved an unreasonable
26     application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

27    (2)    resulted in a decision that was based on an unreasonable determination
28     of the facts in light of the evidence presented in the State court proceeding.

- 7 -

1 28 U.S.C. §2254(d). Section 2254(d)(1) applies to challenges to purely legal questions
2 resolved by the state court and section 2254(d)(2) applies to purely factual questions resolved
3 by the state court. *Lambert v. Blodgett*, 393 F.3d 943, 978 (9th Cir. 2004). Therefore, the
4 question whether a state court erred in applying the law is a different question from whether
5 it erred in determining the facts. *Rice v. Collins*, 546 U.S. 333 (2006).

6 "State-court decisions are measured against...[the Supreme] Court's precedents, as of
7 the 'time the state court renders its decision.'" *Cullen v. Pinholster,* __ U.S. __, 131 S.Ct.
8 1388, 1399 (2011) (quoting *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003)). Therefore, to
9 assess a claim under subsection (d)(1), the Court must first identify the "clearly established
10 Federal law," if any, that governs the claims on habeas review. Habeas relief cannot be
11 granted if the Supreme Court has not "broken sufficient legal ground" on a constitutional
12 principle advanced by a petitioner, even if lower courts have decided the issue. *Williams v.*
13 *Taylor,* 529 U.S. 362, 381 (2000). Nevertheless, while only Supreme Court authority is
14 binding, circuit precedent may be "persuasive" in determining what law is clearly established
15 and whether a state court applied that law unreasonably. *Clark v. Murphy,* 331 F.3d 1062,
16 1069 (9th Cir. 2003).

17 Additionally, section 2254(d)(1) consists of two alternative tests, i.e., the "contrary
18 to" test and the "unreasonable application" test. *See Cordova v. Baca,* 346 F.3d 924, 929 (9th
19 Cir. 2003). Under the first test, "[a] state-court decision is contrary to... [the Supreme] Court's
20 clearly established precedents if it applies a rule that contradicts the governing law set forth
21 in [the Supreme Court's] cases, or if it confronts a set of facts that is materially
22 indistinguishable from a decision of...[the Supreme] Court but reaches a different result."
23 *Brown v. Payton,* 544 U.S. 133, 141(2005). "Whether a state court's interpretation of federal
24 law is contrary to Supreme Court authority...is a question of federal law as to which [the
25 federal courts]...owe no deference to the state courts." *Cordova*, 346 F.3d at 929 (emphasis
26 omitted).

27 Under the second test, "[a] state-court decision involves an unreasonable application
28 of...[the Supreme] Court's clearly established precedents if the state court applies [the

Court's] precedents to the facts in an objectively unreasonable manner." *Brown,* 544 U.S. at 141. When evaluating whether the state decision amounts to an unreasonable application of federal law, "[f]ederal courts owe substantial deference to state court interpretations of federal law...." *Cordova,* 346 F.3d at 929.  Further, a federal habeas court can only look to the record before the state court in reviewing a state court decision under section 2254(d)(1). *Cullen*, __ U.S. at __, 131 S.Ct. at 1400 ("If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of §2254(d)(1) on the record that was before that state court.")(footnote omitted); *Holland v. Jackson*, 542 U.S. 649, 652 (2004)("[W]e have made clear that whether a state court's decision was unreasonable must be assessed in light of the record the court had before it.")(citations omitted).

Under section 2254(d)(2), which involves purely factual questions resolved by the state court, "the question on review is whether an appellate panel, applying the normal standards of appellate review, could reasonably conclude that the finding is supported by the record." *Lambert*, 393 F.3d at 978; *see also Taylor v. Maddox*, 366 F.3d 992, 999 (9th Cir. 2004)("a federal court may not second-guess a state court's fact-finding process unless, after review of the state-court record, it determines that the state court was not merely wrong, but actually unreasonable."). In examining the record under section 2254(d)(2), the federal court "must be particularly deferential to our state court colleagues...[M]ere doubt as to the adequacy of the state court's findings of fact is insufficient; 'we must be satisfied that *any* appellate court to whom the defect [in the state court's fact-finding process] is pointed out would be unreasonable in holding that the state court's fact-finding process was adequate.'" *Lambert*, 393 F.3d at 972 (*quoting Taylor,* 366 F.3d at 1000)(emphasis in original).

Once the federal court is satisfied that the state court's fact-finding process was reasonable, or where the petitioner does not challenge such findings, "the state court's findings are dressed in a presumption of correctness...." *Taylor*, 366 F.3d at 1000: *see also* 28 U.S.C. §2254(c). Thus, factual and credibility determinations by either state trial or appellate courts are imbued with a presumption of correctness. 28 U.S.C. §2254(e)(1);

1  *Pollard v. Galaza*, 290 F.3d 1030, 1035 (9th Cir. 2002); *Bragg v. Galaza*, 242 F.3d 1082,
2  1078 (9th Cir. 2001), *amended* 253 F.3d 1150 (9th Cir. 2001).

3  Both section 2254(d)(1) and (d)(2) may apply where the petitioner raises issues of
4  mixed questions of law and fact. Such questions "receive similarly mixed review; the state
5  court's ultimate conclusion is reviewed under section 2254(d)(1), but its underlying factual
6  findings supporting that conclusion are clothed with all of the deferential protection
7  ordinarily afforded factual findings under §§ 2254(d)(2) and (e)(1)." *Lambert,* 393 F.3d at
8  978.

9  **STANDARD FOR INEFFECTIVE ASSISTANCE OF COUNSEL**.  The Supreme Court established
10 a two-part test for evaluating ineffective assistance of counsel claims in *Strickland v.*
11 *Washington,* 466 U.S. 668 (1984). To establish that his trial counsel was ineffective under
12 *Strickland*, Petitioner must show: (1) that his trial counsel's performance was deficient; and
13 (2) that trial counsel's deficient performance prejudiced petitioner's defense. *Ortiz v. Stewart*,
14 149 F.3d 923, 932 (9th Cir. 1998)(citing *Strickland*, 466 U.S. at 688, 694).

15 To establish deficient performance, Petitioner must show that "counsel made errors
16 so serious..." that "counsel's representation fell below an objective standard of
17 reasonableness" under prevailing professional norms." *Strickland*, 466 U.S. at 687-688. The
18 relevant inquiry is not what defense counsel could have done, but rather whether the
19 decisions made by defense counsel were reasonable. *Babbit v. Calderon*, 151 F.3d 1170,
20 1173 (9th Cir. 1998). In considering this factor, counsel is strongly presumed to have
21 rendered adequate assistance and made all significant decisions in the exercise of reasonable
22 professional judgment. *Strickland*, 466 U.S. at 690. The Ninth Circuit "h[as] explained that
23 '[r]eview of counsel's performance is highly deferential and there is a strong presumption that
24 counsel's conduct fell within the wide range of reasonable representation.'" *Ortiz,* 149 F.3d
25 at 932 (quoting *Hensley v. Crist*, 67 F.3d 181, 184 (9th Cir. 1995)). "The reasonableness of
26 counsel's performance is to be evaluated from counsel's perspective at the time of the alleged
27 error and in light of all the circumstances, and the standard of review is highly deferential."
28 *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986). Additionally, "[a] fair assessment of

attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689.

Even where trial counsel's performance is deficient, Petitioner must also establish prejudice in order to prevail on an ineffective assistance of counsel claim. To establish prejudice, Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Under the prejudice factor, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691. "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter,* __ U.S. __, 131 S.Ct. 770, 792 (2011). Further, because failure to make the required showing of either deficient performance or prejudice defeats the claim, the court need not address both factors where one is lacking. *Strickland*, 466 U.S. at 697-700. Additionally, under the AEDPA, the federal court's review of the state court's decision is subject to another level of deference. *Bell v. Cone*, 535 U.S. 685, 689-699 (2002). In order to merit habeas relief, therefore, Petitioner must make the additional showing that the state court's ruling rejecting an ineffective assistance of counsel claim constituted an unreasonable application of *Strickland*. See 28 U.S.C. §2254(d)(1); see also *Cullen*, __ U.S. __, 131 S.Ct. at 1403 (federal habeas court's review of state court's decision on ineffective assistance of counsel claim is "doubly deferential."); *Harrington*, __U.S. at __, 131 S.Ct. at 788 ("Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard.").

**GROUND 1.** The trial court granted defense counsel's request for a jury instruction on the offense of disorderly conduct as a lesser-included offense of aggravated assault.[3] (*See* Petition, Exh A, p. 2). Petitioner claims that trial counsel rendered ineffective assistance by failing to submit a jury instruction setting out statutory definition of "reckless"[4] as used in the instruction for disorderly conduct. Petitioner raised this claim in his PCR Petition. (Answer, Exh. D). Citing *Strickland v. Washington,* 466 U.S. 668 (1984), and state cases, the PCR court denied Petitioner's PCR Petition without a hearing. (Petition, Exh. C). The PCR court found Petitioner failed to establish a colorable claim of ineffective assistance of counsel. (*Id.*). The PCR court further found that defense counsel's performance was not deficient pointing out that:

---

[3] The trial court gave the following instruction on disorderly conduct, which was submitted by the defense:
> A person commits disorderly conduct if, with intent to disturb the peace and quiet of a neighborhood, family or person, or with knowledge of doing so, such person: Recklessly handles and/or displays a...weapon or dangerous instrument.

(Petition, Exh. A, pp. 2-3; *see also* Answer Exh. J, pp. 78-79). The trial court also instructed the jury on the crime of aggravated assault upon a police officer with a deadly weapon or dangerous instrument which requires
> one, that the defendant committed an assault which requires proof that the defendant intentionally, knowingly, or recklessly caused a physical injury to another person or the defendant intentionally placed another person in reasonable apprehension of imminent physical injury; and two, the defendant used a deadly weapon or dangerous instrument; and three, the person assaulted was a police officer engaged in the execution of his official duty.

(Answer, Exh. J, pp. 77-78). The trial court also defined "intentionally" and "knowingly". (*Id.* at pp. 82-83).

[4] Under Arizona law at the time of Petitioner's case:
> "Recklessly" means, with respect to a result or to a circumstance described by a statute defining an offense, that a person is aware of and consciously disregards a substantial and unjustifiable risk that the result will occur or that the circumstance exists. The risk must be of such nature and degree that disregard of such risk constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation.

(Petition, Exh. A, p.,3 n.1 (quoting A.R.S. §13-105(10)(c)).

> Defendants are not guaranteed perfect counsel, only competent counsel, and not every failure ...qualifies as ineffective assistance of counsel....The Court of Appeals has held that in this case, failure to give a jury instruction as to the meaning of "reckless" was not fundamental error. In its opinion, the Court of Appeals found that in this case, "where Galindo expressly argued that he had been reckless, any distinction between common usage and the statutory definition would appear irrelevant." The court went on to state that "we doubt any error occurred, much less fundamental error." Decision of the Court of Appeals in 2CA-CR 2009-0365.

(Petition, Exh. C, pp. 1-2).

The PCR court went on to state that even if counsel's failure to request an instruction defining "reckless" was deficient, Petitioner also failed to establish that the existence of a reasonable probability that outcome of his trial would have been different. (*Id.* at p. 2).

Petitioner filed a petition for review of the denial of his PCR Petition and the appellate court granted review but denied relief. (Petition, Exh. B). Citing *Strickland,* as well as state cases, the appellate court stated, in pertinent part, that:

> Addressing this very issue on appeal, albeit not in the context of ineffective assistance of counsel, we found no error in the court's having failed to provide a recklessness instruction to the jury, and noted that, because "Galindo [had] expressly argued [to the jury] that he had been reckless, any distinction between common usage and the statutory definition would appear irrelevant." Galindo, No. 2 CA–CR 2009–0365, ¶ 6. Importantly, we also noted the absence of any prejudicial error; the jury found Galindo guilty of aggravated assault based on the theory that "the defendant intentionally placed another person in reasonable apprehension of imminent physical injury." It therefore necessarily found he had acted intentionally, a more culpable mental state than recklessly. Id. ¶ 7.
>
> Based on the record before us, we cannot say the trial court abused its discretion in denying Galindo's petition for post-conviction relief. In a well-reasoned minute entry ruling, the court clearly and correctly addressed the merits of Galindo's claim. We adopt that ruling and find no need to repeat the court's analysis here. *See State v. Whipple*, 177 Ariz. 272, 274, 866 P.2d 1358, 1360 (App.1993).

(Petition, Exh. B, pp. 2-3).

Because the appellate court adopted the PCR court's ruling, the PCR court's order denying Petitioner's PCR Petition, is the last-reasoned state court decision on this issue. *See Ylst v. Nunnemaker,* 501 U.S. 797, 804 (1991); *State v. Whipple,* 177 Ariz. 272, 274, 866 P.2d 1358, 1360 (App. 1993)("Under *Ylst* and *Coleman* the federal courts will 'presume that no procedural default has been invoked' when an unexplained order leaves in place an earlier

- 13 -

1 decision on the merits. *Ylst*, 501 U.S. at __, 111 S.Ct. at 2594. We presume that the federal
2 courts will do as the United States Supreme Court directs and 'look through' to the superior
3 court ruling to determine whether the issues raised in the federal habeas corpus proceeding
4 were resolved in Arizona courts on the merits or are precluded by procedural default.").

5 In Petitioner's case, the state court cited *Strickland* when evaluating his claim of
6 ineffective assistance of counsel. The state court, in applying *Strickland*, applied the
7 correct law to the issue. *See Dows v. Wood*, 211 F.3d 480, 484-85 (9th Cir. 2000)
8 (*Strickland* "is considered in this circuit to be 'clearly established Federal law, as
9 determined by the Supreme Court of the United States' for purposes of 28 U.S.C. § 2254(d)
10 review.").

11 The Supreme Court has held that the inadvertent omission of an element from the
12 jury instruction is harmless when: (1) the evidence of the omitted element is overwhelming;
13 and (2) the jury is otherwise properly instructed. *Neder v. United States,* 527 U.S. 1, 19
14 (1999); *see also United States v. Cotton,* 535 U.S. 625, 631-34 (2002); *cf. Henderson v.*
15 *Kibbe,* 431 U.S. 145, 156 ("An omission, or incomplete instruction, is less likely to be
16 prejudicial than a misstatement of the law."). Here, Officer Pupkoff testified that Petitioner
17 pointed his handgun directly at the officer and that the officer "was in fear for [my] life at
18 that point." (Answer, Exh. I, pp. 46-48). Moreover, a video of the incident was also
19 admitted into evidence.

20 During closing argument, defense counsel argued that Petitioner "acted foolishly,
21 he acted stupidly, and he acted recklessly...." (Answer, Exh, J, p. 49; *see also id.* at 50, 55,
22 65). Defense counsel also stressed that for Petitioner to be found guilty of aggravated
23 assault, there would have to be "proof that the defendant intentionally, intentionally, placed
24 another person in reasonable apprehension of imminent physical injury....The question is,
25 did [Petitioner] intentionally place Officer Pupkoff in that fear?" (*Id.* at p. 54; *see also id.*
26 at 55 (Petitioner "turns his head, which is a reflexive reaction, and the gun comes across.
27 Does [Petitioner] intentionally bring that gun across, point it at that officer to scare that
28 officer, or is this a further indication of [Petitioner's] recklessness that day, [Petitioner's]

- 14 -

1 unthinking actions that day? And the defense would submit to you that's entirely what it
2 was."); *id.* at p. 56 ("we are talking about a short period of time...and no evidence, no
3 evidence [sic] showing that [Petitioner] intentionally tired to put Officer Pupkoff in fear.
4 Rather, everything seems to point [sic] this was some quick, unthinking, non-thought-out
5 action."). During closing argument when defense counsel specifically discussed the lesser
6 included offense of disorderly conduct, he urged the jury to watch the video "applying the
7 testimony that you heard from various witnesses...and the defense would submit to you that
8 everything points to [Petitioner] being reckless in waiving that gun around. And
9 [Petitioner] is, you know, very lucky to be here based upon the reckless way that he
10 handled himself that day." (*Id.* at pp. 56-57; *see id.* at p. 65 (Petitioner "is not guilty of
11 aggravated assault with a deadly weapon on a police officer...but...he is guilty...of
12 disorderly conduct with that gun. He recklessly handled that gun, no doubt about it.")).

13 There is no dispute that the trial court correctly instructed the jury on the elements
14 of disorderly conduct. Thus, no erroneous instruction was given. Instead, Petitioner claims
15 counsel was ineffective for not requesting an instruction defining a term used in the
16 instruction on disorderly conduct. There is no question that the jury instructions given in
17 this case as a whole instructed on the elements required. "A jury is presumed to follow its
18 instructions." *Weeks v. Angelone,* 528 U.S. 225, 234 (2000) (citing *Richardson v. Marsh*,
19 481 U.S. 200, 211 (1987)). This Court is bound to presume that the jury applied the correct
20 legal standards in reaching its conclusion. *See Hollenback v. Ryan,* 2014 WL 1998530, *2
21 (May 15, 2014) (citing *Strickland*, 466 U.S. at 695 (explaining that in assessing whether
22 a defendant was prejudiced by ineffective assistance, a court should presume that the
23 decisionmaker "reasonably, conscientiously, and impartially" applied the correct legal
24 standards)). Respondents persuasively point out that "[b]ecause the jury found [Petitioner]
25 guilty of the greater offense–aggravated assault with a deadly weapon or dangerous
26 instrument–the question of recklessness was moot." (Answer, p. 16). "In this case, it
27 would be speculative to reach the conclusion that there was a reasonable probability the
28 outcome would have been different if ...["recklessly" had been defined] because this would

1  presume the jurors failed to follow their instructions in convicting Petitioner when there
2  was a reasonable doubt that he committed the charged offense." *Hollenback,* 2014 WL
3  1998530, *2.  Moreover, the Arizona appellate court, when denying Petitioner's direct
4  appeal, expressly held that the lack of an instruction defining recklessness did not constitute
5  fundamental error. (Petition, Exh. A, p. 4).   In finding that Petitioner failed to establish
6  fundamental error, the court specifically held that Petitioner failed to establish that the
7  omission of the instruction was prejudicial–*i.e.*, that absent the error, the jury could have
8  reached a different result.  (*Id.* at pp. 4-6).

9  On the instant record, the state court's rejection of Petitioner's ineffective assistance
10 of counsel claim for the reason that Petitioner failed to establish prejudice under *Strickland*
11 is not contrary to, nor an unreasonable application of, *Strickland.*  Nor did the state court's
12 decision result in a decision that was based on an unreasonable determination of the facts
13 in light of the evidence presented in the State court proceeding.  Petitioner's Ground 1
14 should be denied on the merits.

15 **RECOMMENDATION**

16 For the foregoing reasons the Magistrate Judge recommends that the District Court,
17 after its independent review, dismiss and deny Petitioner's Petition for Writ of Habeas
18 Corpus (Doc. 1). The Petition should be dismissed as procedurally defaulted with regard
19 to Grounds 2 and 3, and the Petition should be denied on the merits with regard to Ground
20 1.

21 Pursuant to 28 U.S.C. §636(b) and Rule 72(b)(2) of the Federal Rules of Civil
22 Procedure and LRCiv 7.2(e), Rules of Practice of the U.S. District Court for the District of
23 Arizona, any party may serve and file written objections within fourteen (14) days after
24 being served with a copy of this Report and Recommendation.  A party may respond to
25 another party's objections within fourteen (14) days after being served with a copy. Fed.R.
26 ///
27 ///
28 ///

1 Civ.P. 72(b)(2).  No replies to objections shall be filed unless leave is granted from the
2 district court to do so.  If objections are not timely filed, they may be deemed waived. If
3 objections are filed, the parties should use the following case number: **CV 12-462-TUC-**
4 **RCC.**

5        DATED this 14th day of August, 2014.

*Charles R. Pyle*
**CHARLES R. PYLE**
UNITED STATES MAGISTRATE JUDGE